**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| ROBERT LASERRE, | § | |
|     **Plaintiff,** | § | |
| v. | § | **NO. 3:16-CV-77-RFC** |
| | § | |
| CAROLYN W. COLVIN, | § | |
| **Acting Commissioner of Social Security** | § | |
| **Administration,** | § | |
|     **Defendant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

      This is a civil action seeking judicial review of an administrative decision of the Acting Commissioner of the Social Security Administration ("the Commissioner"). Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals the denial of his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). Plaintiff asserts "the Commissioner's decision contains errors of law, is not supported by substantial evidence, and the Commissioner erred as a matter of law in finding" he is not entitled to DIB. Pl.'s Br. 1. Plaintiff asks the Court to reverse the Commissioner's decision and remand his case for further proceedings. Pl.'s Br. 11. Both parties consented to trial on the merits before a United States Magistrate Judge, and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas. For the reasons set forth below, the Court **AFFIRMS** the Commissioner's decision.

<u>**PROCEDURAL HISTORY**</u>

      Plaintiff worked as a quality control project manager until April of 2013. (R:14) He claimed his employment ended "because his employer found him … too abrasive and difficult to

get along with."   (R:14)   Prior to his employment as a project manager, Plaintiff worked as a quality assurance representative, power plant millwright, and an armored tank crewman in the United States Army.   (R:14)

On February 14, 2015, Plaintiff filed an application for DIB with the Social Security Administration ("the Agency").   (R:118)   He alleged a back injury, post-traumatic stress disorder, and gastrointestinal issues had disabled and prevented him from working since April 7, 2013.   (R:148, 151)   The Agency denied his application initially and on reconsideration.   (R:80, 85)

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").   (R:89) After reviewing the evidence, the ALJ found that Plaintiff had the severe impairment of cervical and lumbar degenerative disc disease.   (R:14, citing 20 C.F.R § 404.1520(c))   He further determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments found in 20 C.F.R. Part 404, Subpart B, Appendix 1.   (R:21, citing 20 C.F.R §§ 404.1520(d), 404.1525, 494.1526)   The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform a full range of light work.   (R:21, citing 20 C.F.R § 404.1567(b)).   The ALJ concluded, based on Plaintiff's RFC, that Plaintiff was "able to perform his past relevant work as a quality control manager" and was "not disabled" within the meaning of the Act.   (R:23, citing 20 C.F.R. § 404.1520(f))   The ALJ accordingly issued a decision denying Plaintiff DIB.   (R:9-27)

Plaintiff requested an Appeals Council review, which was denied.   (R:1-6)   The ALJ's decision, therefore, became the final decision of the Commissioner.   *See* 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for

review is denied, is binding unless you or another party file an action in Federal district court, or

the decision is revised.").

## ISSUES

Plaintiff presents the following issues for review in his motion to reverse and remand the

final decision of the Commissioner:

1.    Whether the ALJ erred when he accorded the Veterans Administration's
      ("VA") 80 percent disability rating little weight; and

2.    Whether the ALJ erred when he failed to explain the weight given to the
      consultative examiner's ("CE") opinion (R:347-350) and neglected to
      discuss evidence favorable to Plaintiff.

Pl.'s Br. 1-2.

Plaintiff maintains "the ALJ's treatment of [Plaintiff's] 80% service connected rating is

conclusory and suggests the ALJ gave it no consideration."  Pl.'s Br. 9.  Plaintiff concedes "'A

VA rating … is not legally binding on the Commissioner because the criteria applied by the two

agencies is different, but it is evidence that is entitled to a certain amount of weight and must be

considered by the ALJ.'"  Pl.'s Br. 7 (quoting *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th

Cir. 2001)).  He argues "[t]he The ALJ's failure to properly scrutinize [Plaintiff's] VA rating

requires remand."  Pl.'s Br. 9 (citing *Welch v. Barnhart*, 337 F.Supp.2d 929, 936 (S.D. Tex. 2004)

("Where the ALJ disagrees with VA's disability findings, there is no reversible error as long as the

record reflects consideration of those findings.")).

Plaintiff also explains "an 'ALJ may not selectively discuss only such evidence which

favors his ultimate conclusion' and that the 'failure to consider an entire line of evidence conflicts

with the obligation of considering all of the evidence.'"  Pl.'s Br. 10 (quoting *Francois v.

Commissioner*, 158 F.Supp.2d 748, 766 (E.D. La. 2001)).  He asserts the ALJ did not assign "any

weight" to the CE's opinion that Plaintiff's anxiety and depression impaired his "ability to make occupational, social, and personal adjustments."   Pl.'s Br. 10, quoting R:350.   He argues that had the ALJ considered and adopted this opinion, he would have "limited" Plaintiff's work "at the light exertional level."   Pl.'s Br. 10.   This, in turn, would have precluded Plaintiff from performing his prior relevant work as a quality control manager.   Pl.'s Br. 10.   He concludes that "[s]ince the Commissioner has the burden of showing there are no other jobs that exist in significant numbers in the national economy, the case must be remanded for further analysis and development."   Pl.'s Br. 10 (citing 20 C.F.R. § 404.1560(c)(2) ("In order to support a finding that you are not disabled at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy …")).

Defendant explains "Plaintiff … did not produce the original VA rating decision … so the ALJ was only able to consider the rating percentage itself … in the VA's treatment record." Def.'s Br. 5.   The VA treatment record indicates "that Plaintiff's total disability rating of 80% was based on PTSD (70%), lumbosacral or cervical strain (10%), and a hiatal hernia (10%)."   Def.'s Br. 5 n.4 (citing R:403).   Defendant contends "[t]he ALJ fully explained what evidence led him to conclude that Plaintiff's PTSD was not severe under Social Security disability standards."   Def.'s Br. 7 (citing R:14-15, 17-20).   Accordingly, Defendant maintains, "the ALJ's decision to assign little weight to the VA rating based on Plaintiff's PTSD was proper."   Def.'s Br. 7.   Defendant suggests the ALJ similarly considered Plaintiff's VA rating pertaining to his physical impairments, and again decided to give the VA rating little weight.   Def.'s Br. 8-12.   Defendant argues that, "[h]ere, like in *Chambliss*, the ALJ considered all of the evidence before him and narratively provided reasons for giving the VA rating little weight."   Def.'s Br. 10 (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)).

Defendant asserts the ALJ considered the CE's opinion.   Def.'s Br. 10.   He observes the ALJ discussed the CE's report on Plaintiff's psychological consultative examination extensively in pages 8 and 9 of his opinion.   (R:19-20, 347-350).   Defendant argues the Plaintiff focuses on one of the CE's conclusions, but not the overall report which contradicts Plaintiff's argument that Plaintiff has moderate limitations:

> Plaintiff appears to ignore these normal examination findings, relying instead of Dr. Schutte's conclusion that Plaintiff's "ability to make occupational, social, and personal adjustments seem moderately impaired" (Tr. 350).   See Pl.'s Br. at 10.   However, this opinion appears to be based not on the above normal findings, but on Plaintiff's subjective reports and a Global Assessment of Functioning (GAF) score of 60, both of which the ALJ properly found the evidence did not support (Tr. 14-15, 17-20, 348-50). *See Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (subjective complaints must be corroborated by objective medical evidence); 20 C.F.R.   §  404.1528(a) (the claimant's statements alone are not sufficient to establish an impairment).

Def.'s Br. 13-14.

Defendant "submits that substantial evidence of record supports the ALJ's determination that Plaintiff was not disabled because he could perform other work existing in significant numbers in the national economy."   Def.'s Br. 15.   Defendant asks the Court to affirm the ALJ's decision.

Plaintiff replies the only reason provided by the ALJ for giving little weight to the VA's disability rating was that he "must make a disability determination based on Social Security law." Reply Br. 1.   He argues this statement "does not reflect meaningful consideration because it is boilerplate language and conclusory."   Reply Br. 1.

Furthermore, Plaintiff notes the ALJ found that he "was able to perform his past relevant work and did not proceed to the fifth step of the sequential evaluation process."   Reply Br.  3.

Plaintiff further notes the CE opined that he "had a moderate limitation in the ability to make occupational, social and personal adjustments."   Reply Br. 2 (citing R:350).   He maintains this "moderate limitation" would preclude him from performing his past relevant work as a quality control manager.   Reply Br. 3.   He argues that since "[i]t is the Commissioner's burden to show there are no other jobs that exist in significant numbers in the national economy at the fifth step of the sequential evaluation process," and "[t]he ALJ did not elicit testimony from the vocational expert concerning other jobs in the national economy," the Court should remand this case for further proceedings.   Reply Br. 3-4.

## LEGAL STANDARDS

### I.   *Evaluation Process*

Payments under the DIB program are authorized by Title II of the Act and are funded by Social Security taxes. The program provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence.   Applicants seeking payments must prove "disability" within the meaning of the Act. 42 U.S.C. § 423(d); 20 C.F.R. § 404.1505(a).   "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A).

An ALJ must engage in a sequential five-step inquiry to determine whether a claimant is "disabled" according to the Act:

> 1.   An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of the medical findings.   20 C.F.R. § 404.1520(b).

6

2.   An individual who does not have a "severe impairment" will not be found to be disabled.   20 C.F.R. § 404.1520(c).

3.   An individual who "meets or equals a listed impairment" found in 20 C.F.R. Part 404, Subpart B, Appendix 1 will be considered disabled without consideration of vocational factors. 20 C.F.R. § 404.1520(d).

4.   If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.   *See* 20 C.F.R. § 404.1520(f) ("[W]e will compare our residual functional capacity assessment … with the physical and mental demands of your past relevant work.   … If you can still do this kind of work, we will find that you are not disabled.").

5.   If an individual's impairment precludes performance of his past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if any work can be performed.   20 C.F.R. § 404.1520(g).

*See also Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

The claimant has the burden to prove disability under the first four steps.   *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).   If the claimant successfully carries this burden, the burden shifts to the Commissioner in step five to show that other substantial gainful employment is available in the national economy, which the claimant is capable of performing.   *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).   The Commissioner may meet this burden by using the opinion testimony of vocational experts ("VE") or the administrative guidelines in the regulations.   *See Rivers v. Schweiker,* 684 F.2d 1144, 1155 (5th Cir. 1982) ("[T]here is no requirement in the Act that the Secretary present direct vocational testimony to sustain his burden of persuasion that there is other substantial gainful employment in the economy which the claimant can perform.").   If the Commissioner is able to verify that other work exists in significant numbers in the national economy that the claimant can perform in spite of his existing

7

impairments, the burden shifts back to the claimant to prove that he cannot, in fact, perform the alternate work suggested.   *Boyd v. Apfel*, 239 F.3d 698, 705 (5th Cir. 2001).   "A finding that the claimant is not disabled at any step is conclusive and ends the inquiry."   *Greenspan v. Shalala*, 38 F.3d 232, 235 (5th Cir. 1994).

## II.   *Standard of Review*

Judicial review of the Commissioner's denial of disability benefits is limited to whether the final decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied to evaluate the evidence.   42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).   "Substantial evidence" means that the evidence must be enough to allow a reasonable mind to support the Commissioner's decision; it must be "more than a mere scintilla" and "less than a preponderance."   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).   Substantial evidence is:

> such relevant evidence as a reasonable mind might accept to support a conclusion.   It must do more than create a suspicion of the existence of the fact to be established, but "no substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence."

*Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)).   In applying the substantial evidence standard, the court may not reweigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision.   *Masterson*, 309 F.3d at 272. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve."   *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

With these principles in mind, the Court turns to the merits of Plaintiff's claims.

8

## ANALYSIS

**I.**     **<u>Whether the ALJ erred when he accorded the Veterans Administration's 80 percent disability rating little weight</u>**

Plaintiff asserts "the ALJ's treatment of [his] 80% service connected rating is conclusory and suggests the ALJ gave it no consideration."   Pl.'s Br. 9.   He argues "[t]he The ALJ's failure to properly scrutinize [Plaintiff's] VA rating requires remand."   Pl.'s Br. 9 (citing *Welch v. Barnhart*, 337 F.Supp.2d 929, 936 (S.D. Tex. 2004)).   Defendant notes the VA treatment record indicated "that Plaintiff's total disability rating of 80% was based on PTSD (70%), lumbosacral or cervical strain (10%), and a hiatal hernia (10%)."   Def.'s Br. 5 n.4 (citing R:403).   Defendant contends "[t]he ALJ fully explained what evidence led him to conclude that Plaintiff's PTSD was not severe under Social Security disability standards."   Def.'s Br. 7 (citing R:14-15, 17-20). Accordingly, Defendant maintains, "the ALJ's decision to assign little weight to the VA rating based on Plaintiff's PTSD was proper."   Def.'s Br. 7.

"A VA rating … is not legally binding on the Commissioner because the criteria applied by the two agencies is different, but it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ."   *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). The "relative weight … given this type of evidence will vary depending upon the factual circumstances of each case."   *Id*.   Where the ALJ disagrees with VA's disability findings, there is no reversible error as long as the record reflects consideration of the "findings and the evidence underlying each."   *Kinash v. Callahan*, 129 F.3d 736, 739 (5th Cir. 1997).

Plaintiff alleged he suffered from post-traumatic stress disorder.   The ALJ's decision indicates he considered VA mental health records related to Plaintiff's post-traumatic stress disorder prepared by Brenda Sikorski, MSN, PMHNP, and Bobby Lewis, LCSW at the Veterans

Administration Clinic in El Paso, Texas.  (R:17-18)  Sikorski reported on November 16, 2013, that Plaintiff "presented alert and cooperative … but irritable and angry."  (R:17)  She explained he "was able to demonstrate an organized, coherent, logical, and goal oriented thought process." (R:17)  Nevertheless, she concluded Plaintiff's memory was "impaired."  (R:17)  On February 10, 2014, Lewis assessed Plaintiff and determined he had a "personality disorder and post-traumatic stress disorder," and recommended "one counseling session per month for the next twelve months."  (R:18)  At a follow-up appointment on April 24, 2014, Lewis described Plaintiff as "oriented in all spheres with a linear thought process."  (R:18)  The record contained no further documents related to Plaintiff's treatment at the VA.  The ALJ found "the lack of treatment is not consistent with the severity of symptoms alleged in connection with this application."  (R:19)

Plaintiff also alleged disability due to a back injury and gastrointestinal issues.  (R:151) In evaluating these physical impairments, the ALJ considered diagnostic test results, including an August 2013 magnetic resonance imaging (MRI) scan of Plaintiff's lumbar spine showing minor disc bulging and small annular tears but no significant neural compromise, and a September 2013 lumbar spine x-ray that was "essentially normal" (R:15-16, 22).  The ALJ also considered October 2014 lumbar and cervical spine x-rays, which chiropractor, Michael Ontiveros, D.C., interpreted to show a mildly decreased cervical curve, a mildly increased lumbar curve, and decreased disc height.  (R:16)  The chiropractor recommended 25 sessions of care, but Plaintiff did not present for further care after the VA approved his request for benefits.  (R:16)

In addition, the ALJ considered the medical opinions of two state agency physicians in determining that the evidence did not support a finding consistent with the VA rating.  Dr. Shabnam Rehman, M.D. reviewed the evidence and opined that Plaintiff "retained the residual

functional capacity for medium exertional level work with postural limitations." (R:16) Dr. Randal Reid, M.D., also reviewed the evidence and opined that Plaintiff "retained the residual functional capacity for a range of light exertional level work with postural limitations." (R:17) The ALJ ultimately gave "no weight" to Dr. Rehman's opinion and "some weight" to Dr. Reid's opinion. (R:17) *See Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (explaining it is the ALJ's responsibility to weigh and resolve conflicts in the medical opinion evidence).

In finding that Plaintiff did not have a disabling physical impairment, the ALJ also evaluated Plaintiff's subjective statements. For example, Plaintiff stated he took prescribed Vicodin for pain "maybe" once a week, which the ALJ found "is inconsistent with the severity of symptoms alleged by the claimant in connection with this application." (R:17) In his disability application materials, Plaintiff stated he cared for children and animals, prepared full meals, and performed household chores like cleaning, mowing, and doing automotive repairs. (R:166-67) He also said he had no problem driving or shopping in stores, enjoyed hunting and fishing, and could walk for miles before needing to stop and rest. (R: 168-70) In November 2013, Plaintiff claimed he exercised by "running" and playing "racquet ball." (R:15 n.1, 264) He reported to the CE at his May 2014 consultative examination that he was "a 'full-time' college student," felt able to work, and that he could dress and bathe himself as well as prepare meals and perform household chores. (R:17, 349) Thus, Plaintiff's own reported activities undermine his claim of disabling back pain and support the ALJ's decision not to adopt the VA's 80% disability rating. *See Jones v. Heckler*, 702 F.2d 616, 621–22 (5th Cir. 1983) ("It is within the discretion of the administrative law judge to determine the disabling nature of pain.").

The ALJ then explained his decision to give little weight to Plaintiff's service connected disability rating:

> [T]he undersigned again notes the record is silent in regards to continued specialized mental health care after April 2014. Such a lack of treatment is not consistent with the severity of symptoms alleged in connection with this application.
>
> The undersigned notes that the record identifies the claimant to have an 80% service connected disability resulting in an unemployable categorization (Ex. 6DE-2). This impairment rating was determined in accordance with the requirements of the Veteran's Administration's rules. Social Security Regulation SSR 06-3p provides that the undersigned must review decisions of disability by other governmental and nongovernmental agencies. A decision by any nongovernmental agency or any other governmental agency pertaining to disability is based on its own rules. The undersigned must make a disability determination based on Social Security law. Therefore, the undersigned has assigned little weight to the claimant's service connected disability rating.

(R:23)

An ALJ is free to disagree with a VA rating when he considers the underlying evidence and substantial evidence supports his decision. *Kinash v. Callahan*, 129 F.3d 736, 739 (5th Cir. 1997). The record shows the ALJ considered objective medical records, examining and consulting physicians' opinions, and Plaintiff's subjective reports. The ALJ's reasons for giving the VA rating little weight are evident from his discussion of the substantial evidence that supports his conclusion. Moreover, the record contains more than a mere scintilla of evidence to support the ALJ's conclusion. The evidence is sufficient to allow a reasonable mind to support the Commissioner's ultimate decision. Accordingly, the Court finds that the ALJ's decision to assign little weight to Plaintiff's VA rating was proper.

**II.**     ***Whether the ALJ erred when he failed to explain the weight given to the consultative examiner's opinion and neglected to discuss evidence favorable to Plaintiff.***

Plaintiff also asserts the ALJ failed to assign "any weight" to the CE's opinion that Plaintiff's anxiety and depression impaired his "ability to make occupational, social, and personal

adjustments." Pl.'s Br. 10 (quoting R:350).   He argues that had the ALJ considered and adopted the CE's opinion, he would have "limited" Plaintiff's work "at the light exertional level." Pl.'s Br. 10.   Such a finding would have precluded Plaintiff from performing his prior relevant work as a quality control manager.   Pl.'s Br. 10.   He concludes that "[s]ince the Commissioner has the burden of showing there are no other jobs that exist in significant numbers in the national economy, the case must be remanded for further analysis and development."   Pl.'s Br. 10. Defendant asserts the ALJ considered the CE's opinion.   Def.'s Br. 10.   Defendant notes the ALJ discussed the CE's report on Plaintiff's psychological consultative examination extensively in pages 8 and 9 of his opinion.   (R:19-20, 347-350).   Defendant argues the Plaintiff focuses on one of the CE's conclusions, but not the overall report which contradicts Plaintiff's argument that Plaintiff has moderate limitations.   Def.'s Br. 13-14.

"The ALJ has a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits.   If the ALJ does not satisfy his duty, his decision is not substantially justified." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).   The relative weight given the evidence is within the ALJ's discretion.   *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). Moreover, a court "will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (citing *Carter v. Massey–Ferguson, Inc.,* 716 F.2d 344, 349 (5th Cir.1983); Fed. R. Civ. P. 61).   "[P]rocedural improprieties … will … constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision.   *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988).

A review of the record discloses substantial evidence to support the ALJ's RFC decision in this case.   As the ALJ recounted, the CE, Dr. James W. Schutte, Ph.D., found Plaintiff's

"cognitive functions to be grossly intact as he was alert and responsive to his surroundings.   …

Attention and concentration appeared within the normal limits ..."   (R:18)   The CE determined

Plaintiff had "an unspecified depressive disorder, an unspecified anxiety disorder, and an

undifferentiated somatoform disorder [and] assigned a Global Assessment of Functioning (GAF)

score of sixty."   (R:19)   "A GAF score of '51-60' is defined by DSM IV as '[m]oderate

symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate

difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or

co-workers).'" (R:19, n.3)   The ALJ explained, however, "that a GAF score is not determinative

of a claimant's ability to work; rather, GAF scores are snapshots of a patient's mental functioning

at the time of the evaluation, and the score can greatly fluctuate over time."   (R:19)   Therefore,

he afforded Plaintiff's GAF score "little weight, giving more weight to the narrative reports."

(R:19)

   The ALJ also noted that on May 22, 2014, the state agency medical consultant, Dr. Susan

Posey, Psy.D., opined that Petitioner "had a mild restriction in activities of daily living, moderate

difficulties maintaining social functioning, and moderate difficulties maintaining concentration,

persistence or pace with no episodes of decompensation."   (R:19)   Dr. Posey added that, despite

these difficulties, Plaintiff "could understand, remember, and carryout detailed (but not complex)

instructions; make decisions; attend and concentrate for extended periods; accept instructions; and

respond appropriately to changes in a routine work setting."   (R:19)   The ALJ further noted that

"[o]n September 4, 2014, State agency medical consultant, Leela Reddy, M.D., affirmed Dr.

Posey's opinions during an independent reconsideration level assessment."   (R:19)   The ALJ

finally noted that Plaintiff "was not prescribed psychotropic medications for the management of

his post-traumatic stress disorder symptoms as of November 6, 2013."   (R: 19)

In this case, the ALJ considered the CE's findings and other relevant evidence, including evidence favorable to Plaintiff, in fashioning the RFC, which did not include mental limitations:

> The claimant's medically determinable mental impairment of a post-traumatic stress disorder, an unspecified depressive disorder, an unspecified anxiety disorder, and an undifferentiated somatoform disorder do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe.  In making this finding the undersigned has considered the four broad functional areas set out in the disability regulations for evaluating mental disorders and in section 12.00C of the Listing of Impairments (20 C.F.R. 404, Subpart P. Appendix 1). … Because the claimant's medically determinable mental impairment causes no more than "mild" limitations in any of the first three functional areas and "no" episodes of decompensation which have been of extended duration in the fourth area, it is non-severe (20 C.F.R. 404.1520a(d)(1)).

(R:19-20)

The ALJ accordingly concluded at step four of the sequential five-step inquiry, based on Plaintiff's RFC, that Plaintiff was "able to perform his past relevant work as a quality control manager" and was "not disabled" within the meaning of the Act.  (R:23, citing 20 C.F.R. § 404.1520(f))  The ALJ therefore issued a decision denying Plaintiff DIB.  (R:9-27)

The ALJ's decision shows he fully and fairly developed all of the evidence and determined that Plaintiff's post-traumatic stress disorder, depressive disorder, and anxiety disorder were "non-severe" because they caused "no limitation" in the functional areas associated with his activities of daily living; "mild limitation" in the functional areas associated with his social functioning, concentration, persistence, or pace; and "no episodes of decompensation." (R:19-20)  The evidence in the record is sufficient to allow a reasonable mind to support the Commissioner's ultimate decision.  *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988),  The ALJ applied the proper legal standard and there are no procedural improprieties which constitute a

basis for remand.   20 C.F.R. § 404.1520(f); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). Because substantial evidence supports the ALJ's determination that Plaintiff's post-traumatic stress disorder, depressive disorder, and anxiety disorder were non-severe, Plaintiff has not shown the necessary prejudice for remand.   *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

## <u>CONCLUSION</u>

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on October 17, 2016.

_____
**ROBERT F. CASTANEDA**
**UNITED STATES MAGISTRATE JUDGE**